UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 25-CR-197 |
| | : | |
| JAMIE SPIES, | : | |
| Defendant. | : | VIOLATIONS: |
| | : | |
| | : | 18 U.S.C. § 2252(a)(2) |
| | : | (Distribution of Child Pornography) |
| | : | |

## STATEMENT OF FACTS

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully submits the following Statement of Offense in Support of Defendant Jamie Spies' Plea of Guilty to Count One of the Information charging her with Distribution of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2).

### I.      The Penalties

A violation of 18 U.S.C. § 2252(a)(2) carries a mandatory minimum sentence of five (5) years of imprisonment and a maximum sentence of 20 years' imprisonment; a fine of not more than $250,000, pursuant to 18 U.S.C. § 3571(b)(3), or both; a term of supervised release of not less than five years up to life, pursuant to 18 U.S.C. § 3583(k); mandatory restitution under 18 U.S.C. § 3663A and 18 U.S.C. § 2259; and an obligation to pay any applicable interest or penalties on fines and restitution not timely made.

### II.     The Elements of the Offense

To prove that the defendant is guilty of Distribution of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2), (b)(1), the government must prove beyond a reasonable doubt that:

(1) The defendant knowingly distributed a visual depiction using any means or facility of interstate commerce;

(2) The production of such visual depiction involved the use of a minor engaging in sexually explicit conduct;

(3) Such visual depiction was of a minor engaging in sexually explicit conduct;

(4) The defendant knew that such visual depiction was of sexually explicit conduct and that at least one of the person engaged in sexually explicit conduct in such visual depiction was a minor.

### III.    Factual Proffer

The following proffer of the government's evidence is intended only to provide the Court with enough evidence to satisfy the mandate of Rule 11(b)(3) of the Federal Rules of Criminal Procedure. This proffer is not intended to be a disclosure of all the evidence available to the United States nor, to the extent it makes representations concerning anything the defendant said, is it a recitation of all that the defendant said or did.

### Factual Background

Leading up to April 24, 2025, a Task Force Officer (hereinafter "TFO") with the Federal Bureau of Investigation (hereinafter "FBI") Washington Field Office (hereinafter "WFO") was working online in an undercover capacity (hereinafter "UC") as part of the Metropolitan Police Department-Federal Bureau of Investigation (hereinafter "MPD-FBI") Child Exploitation and Human Trafficking Task Force, operating out of a satellite office in Washington, D.C. In that capacity, the UC entered a public Kik[1] group, which is a forum where people meet to discuss and trade original images and videos of underage children. While monitoring the group, the defendant, Jamie Spies, using the Kik name "babygirll484", posted a message to the group stating, "I need a

---

[1] KIK is a free instant messaging mobile application that allows users to communicate in a group or private chat. Users can send and receive video and image files.

pervy daddy in my life." Shortly after posting this message, Spies initiated a private Kik chat with the UC stating, "Heyyy." The UC responded and began a private chat with Spies using Kik.

During the course of the chat, the defendant informed the UC that she is a 24-year-old female residing in Reading, Pennsylvania, and that she is the mother of a 16-month-old son. As part of the conversation, the UC asked Spies to take a picture of herself holding up four fingers near her chest for the purpose of validating that she was in fact female. Spies agreed to do so and sent the UC a live camera picture of herself.

As the Kik chat continued on April 24, 2025, Spies stated, "I absolutely love perverts and pedos." Pedos was a reference to pedophiles. When the UC asked, "What's the naughtiest thing u done," Spies replied, "Ive never done anything with younger but I love cp and watching men use really young. Always really wanted to fuck my real daddy." By stating "I love cp" the defendant meant that she loves child pornography. On the same date, Spies sent the UC a total of five video files via Kik private messenger, including:

1. A fifty-second video depicting an adult male inserting the head of his penis in an infant's vagina and ejaculating.

2. A forty-three-second video showing an adult male inserting his erect penis in the anus of what appears to be an infant or toddler aged female. The infant/toddler is heard crying and screaming.

3. A twenty-five-second video depicting an adult male sticking the head of his erect penis inside a toddler's vagina. The toddler is on her back sucking on a pacifier and the male ejaculates on the toddler's vagina.

4. A nineteen-second video showing an adult male rubbing his erect penis head on an infant's vagina.

5. A one minute and twenty-six-second-long video showing a prepubescent female sucking an adult penis. The adult ejaculates in the child's mouth.

On Friday April 25, 2025, the UC resumed chat communications via Kik with Spies. On that date, Spies sent the UC one additional video, which was forty-nine seconds in length, depicting an adult male inserting his erect penis in the anus of a toddler female. The toddler is heard crying and saying, "no no no."

Spies' cellular phone was subsequently forensically examined and at least 5 videos and twenty photos were located on the device.

## DEFENDANT'S ACCEPTANCE

The preceding statement is a summary, made for the purpose of providing the Court with a factual basis for my guilty plea to the charge against me. It does not include all of the facts known to me regarding this offense. I have read every word of this Statement of the Offense and reviewed it with my attorney. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Statement of Offense fully. I make this statement knowingly and voluntarily and because I am, in fact, guilty of the crimes charged.

Further, I have discussed with my attorney Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. I knowingly and voluntarily waive the rights that arise under these rules in the event that I withdraw my guilty plea, withdraw from my Plea Agreement **after signing it**, or breach my Plea Agreement. I understand that, in such instances, the Government will be free to use against me, directly and indirectly, in any criminal or civil proceeding, any statements I have provided pursuant to the Plea Agreement, **after it is signed**, or after entry of the Plea Agreement, including any statements I made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

Pursuant to Federal Rule of Criminal Procedure 11, after consulting with my attorney, I agree to this Statement of the Offense, and declare under penalty of perjury that it is true and correct.

Date: 7/9/25

_____
Jamie Spies
Defendant

## ATTORNEY'S ACKNOWLEDGEMENT

I have read this Statement of Offense and reviewed it fully with my client. I concur in my client's desire to agree to this Statement of the Offense as true and accurate.

Further I have discussed with our client Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. I have discussed with my client that, **by signing the Plea Agreement**, my client waives the rights that arise under these rules in the event my client withdraws his guilty plea, withdraws from the Plea Agreement **after signing it**, or breaches the Plea Agreement.

Date: 7/9/25

_____
Jay Mykytiuk
Attorney for Defendant